IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Civil Action No. |
| $25,511.65 IN UNITED STATES PROPERTY, et al., | : | 7:09-cv-130 HL) |
| Defendant Property, | : | |
| CHI SUN ROYAL AND WILLIE J. ROYAL, | : | |
| Claimants. | : | |

## ORDER

Before the Court is the Government's renewed motion to stay the proceedings (Doc. 28) and the Claimants' motion to compel discovery responses (Doc. 33). For the following reasons, the motion to stay is granted in part and denied in part. The case will be stayed, but only for a period of sixty days. The motion to compel discovery responses is denied as moot.

The Government seeks to stay the proceedings in this civil forfeiture case until a related criminal investigation concludes and any criminal indictments are issued. The Government asks the Court to stay all proceedings in this case pursuant to 18 U.S.C. § 981(g)(1). Section 981(g)(1) provides:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the

prosecution of a related criminal case.

21 U.S.C. 981(g)(1). The Government bears the burden of showing that a stay is necessary. United States v. Real Property and Premises, 657 F. Supp. 2d 1060, 1063 (D. Minn. 2009). Civil discovery does not automatically create an adverse affect on the Government's related criminal case. Id. (citing cases).

The Court has doubts that discovery in this action will adversely affect the criminal case. The Government asserts in its motion that "release of information in the possession of the United States through the exercise of civil discovery would compromise the continuing investigation and any subsequent pending indictments." The Government also wants a stay because a "stay of the civil case here would protect Claimants or others subject to a potential indictment from having to choose between invoking their Fifth Amendment privilege and presenting evidence to support their claim." In addition, the Government is concerned that [s]ome of the claimants and several of the witnesses who would be deposed, can thwart the discovery efforts by the United States through the lawful and proper invocation of their Fifth Amendment privilege against self-incrimination."

The Government filed *ex parte* affidavits describing that there is an ongoing criminal investigation related to the civil forfeiture case, but there is nothing in the affidavits showing how civil discovery might threaten to reveal confidential information that would impair the criminal investigation. The fact that the civil and criminal investigations are closely related does not make it more likely that the criminal investigation will be damaged by civil discovery.

The Government speculates that civil discovery will adversely affect its criminal investigation and oddly enough, seeks to protect the claimants, even though they are represented by counsel and oppose a stay. In sum, the Government has shown that there is a theoretical possibility that discovery in this civil case will affect the criminal case. That is not good enough. See Id. (explaining that speculation was insufficient to carry the Government's burden).

Even though the Government has not met its burden of showing that a stay in this case is required, the Court will impose a stay for sixty days. A stay for a temporary period will protect the Government from having to disclose information potentially prejudicial to its criminal investigation prior to issuing indictments, but will ensure that the claimants have the opportunity at the conclusion of the stay to pursue their claim to the property. A sixty day delay in moving the case forward is not alarming to the Court.

The stay in this case will be lifted on May 10, 2011 unless the Government files a motion to continue the stay. If the Government files a motion to continue the stay, then it must present evidence to meet its burden. Conclusory allegations and speculation will not be sufficient. Since the case is stayed, the motion to compel discovery (Doc. 33) is denied as moot.

**SO ORDERED**, this the 14th day of March, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc